## Rush v. Commonwealth.

October 19, 1948.

L. S. Rogers for appellant.

A. E. Funk, Attorney General, and Squire N. Williams, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

Appellant, James Lewis Rush, was indicted by the grand jury of Allen Circuit Court for the offense of malicious shooting and wounding with intent to kill. Upon trial before the jury he was found guilty and his punishment fixed at two years and one day in the penitentiary. His motion for a new trial having been overruled, he prosecutes this appeal.

Reversal is sought on the following grounds: (1) admission of improper evidence over defendant's objections; (2) the court erred in overruling defendant's motion for a directed verdict of acquittal; (3) the verdict is against the law and the evidence.

In his brief on appeal the appellant urges as the main ground for reversal that the verdict is flagrantly contrary to the evidence and that the evidence construed most strongly against appellant would do no more than create a mere suspicion of guilt.

The record is brief and the evidence in the record is in narrative form. From that evidence the following facts may be adduced: About 8 o'clock on August 21, 1946, in what is known as the "Boxtown" section of Scottsville, Buck Sledge was shot in the left side of his face about half an inch in front of his ear. He was sitting in the kitchen of his house and the shot was fired through the partly opened kitchen door. Buck Sledge testified that about 4:30 o'clock on the same afternoon appellant had fired twice at him with a rifle but did not hit him. There was evidence to show that appellant was seen within two blocks of the house of Buck Sledge, although not on the same street, within ten or fifteen minutes after the shooting. There was also evidence that appellant had told a witness that he was going to "clean out" the "flats" which is a section of "Boxtown" in which Buck Sledge lives. He was not armed when he made this statement and was not going in the direction of the place where Buck Sledge lives. Another witness testified that she saw the appellant on the afternoon of August 21, and that he said he was going to run Buck Sledge out of town, but he was not going in the direction where Buck Sledge resides when that statement was made. Another witness testified that he was a resident of Boxtown and acquainted with the appellant; that on the 21st day of August 1946, he and his entire family left home early in the morning and left a 22 caliber rifle in the house. Upon returning later in the day he found that his door had been tampered with and that some one had entered the house. Upon his entering the house, he found this rifle was missing. He testified that he had on several occasions loaned this rifle to appellant. This witness admitted on cross-examination that he had loaned this rifle to several other boys and

that he had no reason to believe that appellant had entered his house and taken the gun. Dr. John Meridith who gave medical attention to Buck Sledge on the night he was shot testified that the wound was a small, round hole and appeared to have been caused by a small caliber bullet; that x-ray disclosed that the object which had entered Buck's face had shattered and become embedded in the bone across the front part of his face; that he could not, from the wound, tell the type of weapon that had produced the wound or testify as to the caliber of the bullet, but that the wound could have been caused by a 22 rifle bullet.

The above is the substance of the testimony introduced against appellant at the trial. It is readily seen that all the evidence against him is circumstantial and there is no direct testimony connecting him with the shooting of Buck Sledge as charged in the indictment.

In the recent case of Jackson v. Commonwealth, 302 Ky. 227, 194 S. W. 2d 384, 385, we said: "The rule in this jurisdiction is that while a conviction may be had on circumstantial evidence, such evidence must be stronger than a mere suspicion, and if the evidence relied upon for a conviction is as consistent with the innocence of the accused as with his guilt, it is insufficient to sustain a conviction. (Citing cases.)"

We do not think the evidence in this case is sufficient to connect appellant with the commission of the crime and that at best it only raises a suspicion that he was guilty of the crime charged against him. It is our opinion, therefore, that the court should have sustained defendant's motion for peremptory instructions for a verdict of acquittal. The case is therefore reversed for further proceedings consistent with this opinion.

Judgment reversed.